**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CARNELL DESHUN JACKSON,                                         PLAINTIFF
ADC #144389

v.                                    4:11-cv-00547-JTK

DEPUTY O'NEAL, et al.                                          DEFENDANTS

**MEMORANDUM AND ORDER**

**I.      Introduction**

This matter is before the Court on the Defendants' Joint Motion for Summary Judgment

(Doc. No. 20).  Plaintiff filed a Response to the Motion (Doc. No. 25).

Plaintiff Carnell Jackson is a state inmate incarcerated at the East Arkansas Regional Unit

of the Arkansas Department of Correction (ADC).   He filed this pro se action pursuant to 42 U.S.C.

§ 1983, alleging excessive force by Defendants while he was incarcerated at the Pulaski County

Regional Detention Facility (Jail) on May 30, 2011.  Defendants Deputy O'Neal, Deputy Huff, Sgt.

Bangs and Sgt. Davis are employed as correctional officers at the Jail.

According to his Complaint, Defendants Bangs and Huff injured Plaintiff's arm and wrist

on May 30, 2011, by pulling them through the trap door of his cell (Doc. No. 2, p. 4).  Later,

Defendants Huff, O'Neal and Davis escorted Plaintiff to a different cell and Huff pushed Plaintiff's

head against the wall about seven times.  Id.  The four Defendants then slammed Plaintiff face down

on the steel bunk while Defendant Huff put his knees in Plaintiff's back and neck.  Id.  Defendant

Bangs then sprayed mace in Plaintiff's face while the other three Defendant held him down.  Id.

## II.     Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See  Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A.     Defendants' Motion (Doc. No. 20)

Defendants state Plaintiff's Complaint against them should be dismissed because they are protected by qualified immunity.  Specifically, Defendants state that the clearly established law at the time of the occurrence provided that an officer did not violate the rights of a pretrial detainee by applying force that caused only de minimis injury.  In support, Defendants cite Chambers v. Pennycook, 641 F.3d 898 (8th Cir. 2011), where the Court held that while evidence of only de minimis injury does not necessarily foreclose a Fourth Amendment excessive force claim, the officers at issue were protected by qualified immunity because at the time of the incident, the law provided that conduct causing de minimis injury did not support such a claim.  Defendants also

provide the affidavit of Lesa Warner, a Legal/Administrative Deputy of the Jail, who states that at the time of the incidents at issue, Plaintiff Jackson was housed in administrative segregation with full restraints.  (Doc. No. 21-1, p. 1.)[1]  The first incident occurred when Defendants Huff and Bangs escorted Plaintiff to his cell and tried to remove his handcuffs.  Id. at p. 2.  Plaintiff refused to put his hands out of the food trap opening of the cell so that they could be removed; Defendants Bangs and Huff then used force to pull his hands out of the trap in order to remove the handcuffs.  Id. Plaintiff refused the officers' offer to have him examined for any injuries, and then threw an unknown yellowish liquid substance out of the door which hit the officers in the eyes, mouths, hair, arms, and clothes, and left toilet paper on Defendant Huff's face, neck and uniform shirt.  Id. at p. 3.

Plaintiff later asked to see medical personnel and threatened to harm himself.  Id.  The Defendants contacted a nurse and arranged to move Plaintiff to another cell to be placed on suicide watch.  Id.  When they reached the cell, Plaintiff again refused to comply with the removal of his shackles and Defendants O'Neal and Huff held him against the wall to subdue his resistance.  Id. at p. 4.  Despite receiving a direct order to stop resisting, Plaintiff continued to struggle and combat the Defendants so they laid him face-down on his bunk, where his shackles were removed.  Id. When Plaintiff continued to resist, Defendant Bangs ordered him to stop while the tether was removed, and warned him that he would spray him if he continued to resist.  Id.  Plaintiff continued to resist, so Defendant Bangs sprayed a short burst of capsicum spray to Plaintiff's facial area.  Id. Officers then decontaminated Plaintiff and Defendant Huff and another officer were treated at a hospital emergency room after being contaminated with Plaintiff's bodily fluids.  Id. at p. 5.

---

[1]The affidavit is based on reports submitted by the Defendant officers following the events, which are attached at Doc. No. 21-1, pp. 7-13.

Defendants also present the affidavit of Sarah Speer, a registered nurse employed at the Jail (Doc. No. 21-2, pp. 1-4).  She states that following the altercation on May 30, 2011, a nurse examined Plaintiff and noted in the medical altercation form that Plaintiff had minor abrasions and soft tissue swelling on the left forearm and a minor laceration on his right hand. ( Doc. No. 21-2, pp. 1, 5.)  In Progress Notes completed after the examination, the nurse described his exam of Plaintiff, noting a C-shaped area on the back of his right hand, a small scratch at the base of his right them and wrist, slight bleeding on his right hand, and a swollen left forearm.  Id. at pp. 2, 6-7.  Plaintiff complained that his arm was broken and requested a tetanus shot, which was given to him.  Id.  After Plaintiff was sprayed with mace, he refused medical treatment or assessment.  Id.  Later, on June 29, 2011, Plaintiff was examined by the Jail physician in response to his complaints of low back pain. Id. at p. 3.  The physician noted that Plaintiff did not experience shortness of breath, that his back was non-tender, and then prescribed Ibuprofen for Plaintiff.  Id.

**B.      Plaintiff's Response (Doc. No. 25)**

Plaintiff objects to the Defendants' Motion, states their "testimony" is "discreditable," and that he was injured on several occasions by Defendants (Doc. No. 25).  "On the date of May 30, 2011, I was a victim of my constitutional rights being violated by excessive force used against me on the date of May 30, 2011, these Defendants are the ones responsible for my injuries...."  Id.

**C.      Analysis**

Defendants claim they are protected in this instance by qualified immunity, which "shields a governmental official from liability ... in a § 1983 action for damages unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official would have known." Chambers, 641 F.3d at 904.  Therefore, Plaintiff must show that Defendants' conduct violated his constitutional right to be free from excessive force, and that this right was clearly

4

established.[2]

"The evaluation of excessive-force claims brought by pre-trial detainees, although grounded in the Fifth and Fourteenth Amendments rather than the Fourth Amendment, also relies on an objective reasonableness standard." Andrews v. Neer, 253 F.3d 1052, 1060 (8th Cir. 2001), citing Johnson-El v. Schoemehl, 878 F.2d 1043, 1048-9 (8th Cir.1989).  Therefore, the use of force "must be necessary to some legitimate institutional interest such as safety, security, or efficiency, and the force used must not be in excess of that reasonably believed necessary to achieve those goals." Gutierrez v. Kern, No. 05-5083, 2006 WL 2583664 *9 (W.D.Ark. 2006).   In Chambers, the court noted that the question of whether an excessive force claims requires some minimum level of injury has remained an open question in the Eighth Circuit for more than fifteen years, and that the appropriate inquiry in such a case is whether the force used is "reasonable."  641 F.3d at 904,906. The court also recognized that cases involving the application of handcuffs have in the past required a showing of more than de minimis injury to establish excessive force.  Id. at p. 907.  The court then looked to whether the law at the time of the incident fairly warned the officers that their actions, which resulted in de minimis injuries to the claimant, were unconstitutional.  Id. at 908.  After reviewing the state of the law at the time of the incident, the court concluded that "a reasonable officer could have believed that as long as he did not cause more than de minimis injury to an arrestee, his actions would not run afoul of the Fourth Amendment."  Id.  Therefore, although the court ultimately ruled that there no longer is a requirement that a plaintiff show more than a de minimis injury in order to support an excessive force claim, it found that that was not the state of the law at the time of the incident, and therefore, the officers were entitled to qualified immunity.

_____

[2]The courts have discretion to decide which of these factors should be addressed first. Chambers, 641 F.3d at 904.

The <u>Chambers</u> decision was filed on June 6, 2011.  The incident at issue in this case occurred on May 30, 2011, prior to that decision.  Plaintiff does not dispute the Defendants' claim that he did not suffer more than a de minimis injury, which is supported by the nurse's progress notes and altercation form, and the doctor's examination a month later.  Doc. No. 21-2, pp 5-7, 9.  Therefore, the Court finds that the law was not clearly established at the time of the incident which would have placed Defendants on notice that their actions, which resulted in de minimis injuries to Plaintiff, constituted excessive force.

In conclusion, assuming the facts as set forth by the Plaintiff, the Court finds as a matter of law that Defendants are entitled to qualified immunity on Plaintiff's claims against them for excessive force.

## III.     Conclusion

IT IS, THEREFORE, ORDERED that Defendants' Joint Motion for Summary Judgment (Doc. No. 20) is GRANTED, and Plaintiff's Complaint against Defendants is DISMISSED with prejudice.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 11th day of June, 2012.

_____
    JEROME T. KEARNEY
    UNITED STATES MAGISTRATE JUDGE